IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:11-CV-57 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by David Frohwerk, a *pro se* prisoner, on February 15, 2011. (DE# 1.) For the reasons set forth below, the Court: (1) **GRANTS** the petitioner's request (DE# 24) to lift the stay of the petition; (2) **DISMISSES** the petition (DE# 1) **WITHOUT PREJUDICE**; and (3) **DENIES** the pending motions (DE## 20, 21, 22, and 23) as moot.

BACKGROUND

In 2009, Frohwerk was convicted of possessing cocaine in St. Joseph County under Cause No. 71D-02-714-FD-67.[1] (DE# 1 at 1.) He

---

[1] After Frohwerk was charged with the cocaine offense, the state filed petitions to revoke his probation in Cause Nos. 71D03-9710-CF-466 and 71D04-9512-CF-576. *Frohwerk v. State*, No. 71A03-0906-CR-262, 2009 WL 3754071, at *1 (Ind. Ct. App. Nov. 10, 2009). Frohwerk was sentenced to three years on the cocaine offense, five years on the 466 case, and four years on the 576 case, all to run consecutively, for an aggregate term of 12 years. *Id.*

1

appealed, and the Indiana Court of Appeals affirmed on November 10, 2009. *Frohwerk v. State*, No. 71A03-0906-CR-262, 2009 WL 3754071 (Ind. Ct. App. Nov. 10, 2009). The Court of Appeals denied his petition for rehearing on January 26, 2010. (DE# 7-5 at 20.) On February 8, 2010, Frohwerk filed a petition for post-conviction relief in the state trial court claiming ineffective assistance and other grounds. (DE# 1 at 1.)

In February 2011, while the state post-conviction petition was pending, Frohwerk filed this federal habeas petition pursuant to 28 U.S.C. § 2254, claiming ineffective assistance of counsel and other grounds. (DE# 1.) The case was stayed at Frohwerk's request so that he could finish exhausting his state court remedies. (DE# 16.) Frohwerk has now filed multiple documents seeking various forms of relief from the Court (*see* DE## 20, 21, 22, 23, 24), which the Court construes as a request to lift the stay and proceed with this case. Frohwerk argues that he should be excused from exhausting his state court remedies due to inordinate delay in the state proceedings. (DE# 24.)

DISCUSSION

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a

person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

Here, Frohwerk concedes that he has not yet exhausted his state court remedies. He nevertheless argues that he should be excused from the exhaustion requirement because the state post-conviction petition is proceeding too slowly. (DE# 24.)

In exceptional circumstances, federal courts may dispense with the exhaustion requirement because of delay on the part of the

3

state. *See Granberry v. Greer*, 481 U.S. 129, 135-36 (1987). To qualify for this exception, the delay must be both "inordinate" and "unjustifiable." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Thus, where the petitioner's post-conviction petition had "lain dormant" in state court for more than three years, the Seventh Circuit held that the district court must conduct a hearing to determine whether the delay was justifiable. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). Similarly, in another case the Seventh Circuit noted that the state's failure to take action on a post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement. *Jackson*, 112 F.3d at 878-79.

Frohwerk's case does not fall into this exceptional category. Unlike the above cases, his state post-conviction petition has not been lying dormant for several years. Instead the record shows that he filed his post-conviction petition in 2010; since that time the trial court appointed counsel to represent him and ruled on various motions he filed. (*See* DE# 7-3 at 13, 18, 25; DE# 7-5 at 9-10; DE# 7-6 at 6-7.) Frohwerk also submits documents showing that he has been in communication with his appointed counsel regarding the case. (DE# 7-5 at 11-16.) Earlier this year, appointed counsel was granted leave by the Indiana Court of Appeals to withdraw the trial record for purposes of review. *See Frohwerk v. State*, No. 71A03-0906-CR-262 (Ind. Ct. App. order dated May 2, 2011). In sum,

although Frohwerk would prefer that his case proceed more quickly, he has not experienced the type of exceptional delay that would excuse his failure to exhaust.

Accordingly, Frohwerk's petition is subject to dismissal. The Court must consider staying rather than dismissing a habeas petition containing unexhausted claims when dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). That concern is not present here.[2] As stated above, the Indiana Court of Appeals denied Frohwerk's petition for rehearing on direct review on January 26, 2010. (DE# 7-5 at 20.) He had 30 days from that date to seek review in the Indiana Supreme Court. IND. APP. R. 57(C)(2). Before those 30 days elapsed he filed his state post-conviction petition, which tolled the one-year limitations period for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). The deadline for filing a federal petition will remain tolled while the state post-conviction proceeding is pending. If Frohwerk acts diligently, he should have no difficulty returning to federal court once the state proceedings have concluded.

For these reasons, the petition will be dismissed. The dismissal will be without prejudice to Frohwerk's right to file a new petition after the state proceedings conclude. Frohwerk's

---

[2] Although the Court previously stayed the case at Frohwerk's request, he has moved to lift the stay, and the Court finds no basis for a further stay of the case.

motion seeking release on his own recognizance while the federal petition is pending (DE# 20) will be denied as moot, as will his other filings seeking various forms of relief in connection with the petition (*see* DE## 21, 22, 23).

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** the request (DE# 24) to lift the stay of the petition; (2) **DISMISSES** the petition (DE# 1) **WITHOUT PREJUDICE**; and (3) **DENIES** the pending motions (DE## 20, 21, 22, and 23) as moot.

DATED: November 28, 2011  /s/ Rudy Lozano, Judge
United States District Court